IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

LESLIE ROBERTSON, on behalf )
of herself and all others  )
similarly situated,         )
                            )
      Plaintiff,            )
                            )      CIVIL ACTION NO.
      v.                    )      2:09cv1010-MHT
                            )           (WO)
THER-RX CORPORATION,        )
                            )
      Defendant.            )

OPINION

Plaintiff Leslie Robertson brought this lawsuit
against defendant Ther-Rx Corporation, claiming that the
termination of her employment violated Title VII of the
Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a,
2000e to 2000e-17), and that Ther-Rx interfered with her
rights under the Family and Medical Leave Act (29 U.S.C.
§§ 2601-2654).  Robertson also brought a claim under the
Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201-219),
charging that she was not paid overtime, as she contends

she was due, and that she routinely worked more than 40
hours in a week.

This case is currently before the court on two joint
motions.  First, the parties move for approval of a
proposed settlement of Robertson's claims, including her
claim under the FLSA.  In addition to Robertson, seven
other former Ther-Rx employees have consented to the
terms of the proposed settlement, which would settle
their own claims under the FLSA: Alison Harvey, Dennis
Hudgins, Courtland Kennedy, Jennifer Nagro, Mark Moore,
Nelson Powell, and Elsa Salerno.  Like Robertson, all of
the additional persons were terminated by Ther-Rx.  Based
on the representations made during a hearing on April 8,
2011, and for the reasons that follow, the motion will be
granted and the settlement will be approved, with one
modification: the settlement's confidentiality provision
will be stricken.

Second, the parties move to submit the settlement
agreement under seal.  Because the court concludes that

2

the settlement should not be confidential, this motion will be denied.

Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the

employee and employer present a proposed settlement to the district court, and the district court reviews the settlement and enters an appropriate judgment.  Lynn's Food Stores, 679 F.2d at 1354.  The Eleventh Circuit Court of Appeals has explained the rationale for court approval of such settlements:

> "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."

Id.

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," id. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over

4

FLSA provisions," <u>id</u>. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation."  <u>Id</u>. at 1354.[1]

In this case, there are bona-fide disputes over FLSA provisions, namely FLSA coverage and the amount of backpay.  With respect to FLSA coverage, the federal courts of appeal have split on the applicability of the 'outside sales exemption,' a principal issue in this case.  <u>Compare</u> <u>In Re Novartis Wage and Hour Litigation</u>, 611 F.3d 141, 150-55 (2nd Cir. 2009) (holding the outside sales exemption inapplicable), <u>with</u> <u>Christopher v.</u>

---

1. In <u>Lynn's Food Stores</u>, the appellate court disallowed a compromise because it was not brought in the context of an employee lawsuit, but rather was an attempt by an employer to "settle" backpay claims because of a pending investigation by the Secretary of Labor.  The "compromise" was unfair and reflected the extreme inequalities of bargaining position against which the FLSA was designed to protect.

SmithKline Beecham Corp., 635 F.3d 383, 395-401 (9th Cir. 2011) (holding the outside sales exemption applicable). Similarly, the federal appellate courts are divided on the applicability of the 'administrative exemption' to pharmaceutical sales representatives.  Compare Smith v. Johnson & Johnson, 593 F.3d 280, 284-86 (3rd Cir. 2010), with In Re Novartis Wage and Hour Litigation, 611 F.3d at 155-57.  The Eleventh Circuit has not ruled on either exemption in this pharmaceutical industry.

Further, after hearing from Robertson as well as the others who have consented to the terms of the proposed settlement and after reviewing the settlement agreement, the court concludes that the settlement is a fair and reasonable resolution of these bona-fide disputes. Counsel for Robertson and the other consenting persons represent that the settlement proceeds are, assuming liability, the unliquidated amount of overtime compensation.  Calculations were made using declarations

6

filed with the court in connection with the motion to facilitate a collective action.  (Doc. Nos. 18, 23).[2]

The court will address three other issues relating to the proposed settlement.  First, the proposed settlement includes a waiver of future employment with Ther-Rx. While the court could envision circumstances where a requirement of this kind might be retaliatory, in this case neither Robertson nor the other consenting former employees desire future employment with Ther-Rx. Further, because the future financial viability of this corporations is quite precarious, future employment is far from assured for anyone.  Accordingly, the court is

---

2.  Each of those who filed declarations provided different accounts of the amount of "overtime" worked. Robertson says that, on average, she worked 50-55 hours per week (Doc. No. 18-1); Harvey says that she worked, on average, 45-55 hours per week (Doc. No. 18-9); Huggins says that he worked 60-70 hours per week on average (Doc. No. 18-10); Nagro says she worked 50-65 hours per week on average (Doc. No. 23-1); and Salerno says she worked 50 hours per week on average (Doc. No. 23-2).  Accepting these numbers at face value, the court finds that the number of "overtime" hours per person varies from 11 hours a week to 17 hours a week.  Thus, there are significant variation in the amount of "overtime" that they estimate they have worked.

convinced that impact of this requirement is inconsequential.

Second, the proposed settlement includes a general release from liability for all employment claims against Ther-Rx.  This release would cover existing claims associated with statutes other than the FLSA, but not any future claims that might arise.  Some courts have refused to approve proposed settlements containing general releases.  <u>See</u>, <u>e.g.</u>, <u>Moreno v. Regions Bank</u>, 729 F.Supp.2d 1346, 1350-51 (M.D. Fla. 2010) (Merryday, J.).  Counsel for Robertson and the other consenting former employees suggest that the release does not trouble him.  With respect to Robertson, counsel note that under the settlement Robertson will, in fact, receive consideration for her claims under Title VII and the Family and Medical Leave Act.  With respect to the others, counsel point out that most of their clients were terminated in March of 2009.  This action was commenced on October 30, 2009, with the result that, for most of those affected, the

8

statutory pre-condition charge filing period (either 180 or 300 days depending on the State) or statute of limitations from other employment claims will have run. Because of the probable inability of the former employees to bring any other employment claims, the court does not view this provision in the release as problematic.  Put another way, the release of other claims does not create an imputed discount for the FLSA claims.

Third and finally, the proposed settlement also contains a confidentiality provision.  As stated, the court finds that the confidentiality provisions should be stricken.  Settlements under the FLSA involve not only the parties, but the public, and several courts have been reluctant to accept confidentiality provisions.  <u>See</u>, <u>e.g.</u>, <u>Dees v. Hydradry, Inc.</u>, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (Merryday, J.) ("[A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the

9

'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."); <u>Stalnaker v. Novar Corp.</u>, 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003) (Thompson, J.) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being."). The parties were aware of the court's reservations about the confidentiality provision and agreed to abandon this provision in the event the court objected. The court finds, therefore, that the confidentiality provision should be stricken.

Accordingly, subject to the excision of the confidentiality agreement, the settlement will be approved as presented. Further, the motion to file the matter under seal will be denied. Pursuant to the settlement, the case will be dismissed.

10

An appropriate judgment will be entered.

DONE, this the 12th day of May, 2011.

　　　　　　　　　　　　 /s/ Myron H. Thompson　　
　　　　　　　　　　UNITED STATES DISTRICT JUDGE